(June 2, 1908.)

DAVID KUNZ, Appellant, v. JOHN MYERS, Jr., Respondent.

[96 Pac. 215.]

MOTION FOR NEW TRIAL—EVIDENCE.

    1. Where the only assignment of error is, that the evidence does not support the findings and judgment, and it appears from examination of said evidence that the same supports the findings and judgment, the judgment will be affirmed.

    2. *Held*, in this case, that the evidence supports the findings and judgment.

(Syllabus by the court.)

APPEAL from the District Court of the Fifth Judicial District, for Bear Lake County. Hon. Alfred Budge, Judge.

An action to recover upon two promissory notes. Judgment for defendant. *Affirmed.*

Thomas L. Glenn, for Appellant.

Charles E. Harris, for Respondent.

Counsel cite no authorities on points decided.

STEWART, J.—This is an action upon two separate promissory notes for $120, dated August 6, 1906, one due December 6, 1906, and the other due February 6, 1907. Separate actions were brought upon each of said notes in the justice's court of Montpelier precinct, in Bear Lake county, Idaho. The complaint was in the ordinary form, alleging the making and the delivery of the notes by the defendant to one C. A. Post, and that prior to the maturity of said notes the same were endorsed and transferred to this plaintiff, who is now the owner and holder thereof. The defendant answered in each of said cases and admitted the execution of said notes set out, but denied that the plaintiff was the owner and holder thereof, or that the same had been transferred before maturity and in the ordinary course of business. The defendant set forth as a further defense, in effect, that said notes were executed without consideration and under the following circumstances: the plaintiff having been previously appointed agent to sell a certain kitchen secretary, and as part payment for a certain number thereof executed his two several promissory notes for like amount, now agrees to sell his said contract with the Kitchen Secretary Company to the defendant, on condition that the company assent to such transfer and that he be substituted as such agent; the defendant executed the two promissory notes sued upon, but the company had never given its consent to such transfer or to this defendant's being substituted as such agent, and the contract had never been transferred to the defendant and he had not received any consideration for said promissory notes or engaged in the business provided for in the contract between said Kitchen Secretary Company and the plaintiff.

Judgment was rendered in both of said cases in the justice's court in favor of appellant, and the respondent appealed to the district court, where the cases were consolidated and tried as one action by the judge, without a jury. Findings of fact and conclusions of law were made in favor of the defendant. Plaintiff moved for a new trial, which was denied, and this appeal is from the judgment and from the order denying a new trial.

The only assignments of error presented to this court are as follows:

"1st. The court erred in its findings of fact, in that the findings are not justified by the evidence.

"2d. The court erred in entering judgment against the plaintiff and in favor of defendant, in that said judgment and decision are against the evidence.

"3d. The court erred in overruling plaintiff's motion for a new trial."

In the transcript, and in the appellant's brief, the particulars in which appellant alleges the evidence to be insufficient to support the findings are pointed out, and we have carefully examined each, and are clearly satisfied that the findings of the court were correct, fully supported by the evidence, and that the judgment was right, and that the court did not err, either in rendering judgment for the defendant or in overruling plaintiff's motion for a new trial.

It would unnecessarily prolong this opinion to set forth the evidence contained in the record, but it clearly appears that the evidence fully justifies the findings and judgment.

The judgment of the court, and the order overruling the motion for a new trial, are affirmed. Costs awarded to respondent.

Ailshie, C. J., and Sullivan, J., concur.

Petition for rehearing denied.